IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MICHAEL NELSON                                                                           PETITIONER

VS.                                                              CIVIL ACTION NO. 5:05cv66DCB-JCS

CONSTANCE REESE, WARDEN                                                       RESPONDENT

MEMORANDUM OPINION AND ORDER

This cause is before the Court, sua sponte.  The petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Having considered the allegations of the petition filed, this Court finds that this civil action should be dismissed.

I. BACKGROUND

The petitioner, who is incarcerated at FCI-Yazoo City, Mississippi, was convicted in the United States District Court of the Eastern District of Louisiana, criminal case number CR-93-55, and was sentenced on January 24, 1995.  The petitioner was ordered to serve 235 months.  The Bureau of Prisons projects he will be eligible for release on March 15, 2009.

II.  PETITIONER'S GROUNDS FOR RELIEF

In his petition filed May 5, 2005, the petitioner argues that the Bureau of Prison (BOP) has incorrectly interpreted the statute, 18 U.S.C. § 3624(b), governing the calculation good time credits to be applied to his sentence.  The petitioner argues that the BOP has devised a formula which calculates the award of good time credit in such a way that he will receive 47 days a year credit instead of the 54 days provided for in the statute.   (Petition [1-1] p.1). The petitioner further asserts that the statute provides that he be given 54 days of good time for every year of his

sentence. (Petition [1-1] p.3). Because of BOP's calculation of his good-time credits, the petitioner contends that he will spend an additional 133 days in prison.

### III. DISCUSSION

The petitioner is challenging the execution of his sentence. As such, he is required to present a claim that is ripe for judicial review. This Court finds that whether the petitioner's sentence is computed based on his argument that he should receive good time credit based on the sentence imposed or on the BOP's calculation as time served, it is clear that he is not eligible for release until 2009. Therefore, the claim presented by the petitioner is "temporally distant and speculative" and thus, "his allegations do not establish that 'he will sustain immediate injury' and 'that such injury would be redressed by the relief requested.' " Sample v. Morrison, 406 F.3d 310, 312 (5th Cir. 2005) (quoting Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994). Consequently, the claim presented by the petitioner is not ripe for review.

However, even though the petitioner's claim is not ripe for review, the issue presently before this court has been addressed by the Fifth Circuit in Moreland v. Federal Bureau of Prisons, 431 F.3d 180 (5th Cir. 2005), cert. denied, 126 S.Ct. 1906 (2006). In Moreland, the Fifth Circuit held that 18 U.S.C. § 3624 is unambiguous and therefore, neither the rule of lenity nor the BOP's interpretation of the statute under Chevron, U.S.A. v. Natural Resources Defense Council, Inc., 467 U.S. 387, 842-44 (1984) was required to be addressed . Id.

Moreover, in adopting the analysis of Sample v. Morrison, 406 F.3d 310 (5th Cir. 2005) and Tatu v. Rasbeary, 142 Fed. Appx. 215, (5th Cir. 2005), the Fifth Circuit in Moreland held that the BOP's method of calculating good-time credit based on the time actually served is supported by the plain language of the statute. Id. The Fifth Circuit in Sample explained that

> [i]t is plain from the statute that an inmate must earn good time credit; the statute grants the BOP itself the power to determine whether or not, during a given year,

the inmate has complied with institutional disciplinary rules.  Good time credit
thus is not awarded in advance, and any entitlement to such credit for future years
is speculative at best.

Sample, 406 F.3d at 313.   Therefore, the BOP is not required to credit the petitioner's sentence with 54 days of good time credit, in advance, for each year of the sentence which was imposed. With that in mind, the petitioner's contention that he will be denied 133 days of good time credit is misplaced.

## IV. CONCLUSION

For the reasons discussed in this Memorandum Opinion and Order, the Court finds that the petition should be denied and this civil action dismissed with prejudice.

SO ORDERED, this the 31st day of August, 2006.


                                            S/DAVID BRAMLETTE
                                            UNITED STATES DISTRICT JUDGE